IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2011 NOV 16 PM 3: 16
CLERK_____
SO. DIST. OF GA.

| | | |
|---|---|---|
| HERMAN MAHONE and JAMRUS SMITH,[1] | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV 311-101 |
| JASON MEDLIN, Warden, CCA WHEELERS, GEORGIA DEPARTMENT OF CORRECTIONS, MS. HOLLOWAY, MR. WRIGHT, MS. BONER, and FNU SIGHTS, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Herman Mahone, an inmate at Wheeler Correctional Facility ("WCF") in Alamo, Georgia, has submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983. Plaintiff Mahone also lists Jamrus Smith ("Mr. Smith") as a co-plaintiff. However, Mr. Smith, who is apparently also incarcerated at WCF (see doc. no. 1, p. 3), did not sign the complaint or Plaintiff Mahone's motion to proceed *in forma pauperis*;[2] nor has he paid the $350.00 filing fee.[3] For the following reasons, the Court **REPORTS** and **RECOMMENDS** that Mr. Smith be **DISMISSED** as a party to this lawsuit.

---

[1]The **CLERK** is **DIRECTED** to amend the spelling of Plaintiff Mahone's last name and Mr. Smith's first name in accordance with the caption of this Order.

[2]In a simultaneously issued Order, the Court has granted Plaintiff Mahone's motion to proceed *in forma pauperis*.

[3]Mr. Smith's signature also does not appear on Plaintiff Mahone's motion to appoint counsel. (Doc. no. 3.)

I.   DISCUSSION

The Eleventh Circuit Court of Appeals has considered the issue of whether "the Prisoner Litigation Reform Act ["PLRA"] permits multi-plaintiff *in forma pauperis* civil actions." Hubbard v. Haley, 262 F.3d 1194, 1196 (11th Cir. 2001). In Hubbard, the Eleventh Circuit noted that "the intent of Congress in promulgating the PLRA was to curtail abusive prisoner tort, civil rights and conditions of confinement litigation." Id. (citing Anderson v. Singletary, 111 F.3d 801, 805 (11th Cir. 1997)). After interpreting the PLRA, the Eleventh Circuit upheld a district court's dismissal of a multiple-prisoner/plaintiff lawsuit wherein the plaintiffs sought to proceed together *in forma pauperis*. The Eleventh Circuit concluded that "the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee.'" Id. at 1197 (citing 28 U.S.C. § 1915(b)(1)). Allowing multiple prisoners to bring their complaints in a single lawsuit would circumvent the Congressional purpose in promulgating the PLRA. Id. at 1197-98. That is, "[t]he modest monetary outlay will force prisoners to think twice about the case and not just file reflexively." Id. at 1198 (quoting 141 Cong. Rec. S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)). In the end, the Eleventh Circuit determined that "the plain language of the PLRA requires that each prisoner proceeding IFP pay the full filing fee . . . ." Id. Therefore, the "district court properly dismissed the multi-plaintiff action in this instance." Id.

Here, Plaintiff Mahone and Mr. Smith are in a position similar to the plaintiffs in Hubbard. Allowing them to proceed *in forma pauperis* together in this action would presumably permit them to divide the cost of the filing fee between them. This would defy the Eleventh Circuit's conclusion that "the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee.'" Id. at 1197 (citing 28 U.S.C. § 1915(b)(1)). In other

words, Plaintiff Mahone, as an incarcerated litigant desiring to proceed *in forma pauperis*, must abide by the parameters of the PLRA. To honor Congress' intent in enacting the PLRA to taper prisoner litigation, Plaintiff Mahone must be forced to think twice about the merits of this action before he can proceed *in forma pauperis* by being solely responsible for his own filing fee. He is not allowed to proceed *in forma pauperis* with a co-plaintiff who may shoulder some of the filing fee. Simply put, Plaintiff Mahone's attempt to proceed *in forma pauperis* with a co-plaintiff in a single action violates the requirement of the PLRA that each prisoner pay the full filing fee. In addition, Mr. Smith did not sign the complaint or Plaintiff Mahone's motion to proceed *in forma pauperis*. Pursuant to Fed. R. Civ. P. 11(a), every pleading must be signed by a party personally if that party is not represented by counsel. Indeed, absent a personal signature, there is no way to confirm that the individuals listed actually wish to be a party to the case and will accept all of the attendant responsibilities of litigating a case in federal court. Accordingly, Mr. Smith is not a proper party to this litigation.

## II. CONCLUSION

As Mr. Smith has not sought leave to proceed *in forma pauperis*, paid the full $350.00 filing fee, or even signed the complaint, and because Plaintiff Mahone and Mr. Smith may not proceed together in this action, the Court **REPORTS** and **RECOMMENDS** that Mr. Smith be **DISMISSED** as a party to this lawsuit.[4]

SO REPORTED and RECOMMENDED this ___ day of November, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[4] If Mr. Smith wishes to file his own complaint and motion to proceed *in forma pauperis*, he may of course do so, subject to the provisions of the PLRA.