ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 JUN -5 PM 2 32

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| HERMAN MAHONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 311-101 |
| | ) | |
| JASON MEDLIN, Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 29).

Plaintiff's complaint attempted to raise a multitude of § 1983 claims arising from events alleged to have occurred at Wheeler Correctional Facility ("WCF"), located in Alamo, Georgia, and Georgia State Prison ("GSP"), located in Reidsville, Georgia.[1] (Doc. nos. 1, 3, 19.) Moreover, Plaintiff attempted to assert claims on behalf of both himself and his son,

---

[1] The Magistrate Judge noted that Plaintiff's complaint included both his form complaint as well as several additional pages elaborating on his claims. (Doc. nos. 1, 3.) In addition, Plaintiff filed a "Supplemental Complaint" that provided further elaboration on his original claims and raised several brand new allegations as well. (Doc. no. 19.) In this instance, the Magistrate Judge allowed Plaintiff to amend his complaint in piecemeal fashion and construed Plaintiff's form complaint and supporting documents in conjunction with the Supplemental Complaint. (Doc. no. 23, p. 3 n.5.) The Magistrate Judge referred to these documents collectively as Plaintiff's "complaint," which the Court continues to do here.

Jamrus Smith ("Mr. Smith"). (Id.) Upon screening the complaint, the Magistrate Judge found, pursuant to Federal Rule of Civil Procedure 20(a), that Plaintiff's claims regarding events at GSP were unrelated to the claims concerning his confinement at WCF, and should therefore be dismissed without prejudice.[2] (Doc. no. 23, pp. 8-9.) Furthermore, the Magistrate Judge found that Plaintiff lacked standing to assert claims on behalf of Mr. Smith and accordingly recommended the dismissal of all such claims.[3] (Id. at 12.) Moreover, the Magistrate Judge recommended that Plaintiff's remaining claims be dismissed for failure to state a claim, with the exception of Plaintiff's First Amendment retaliation claim against Defendant Holloway, with respect to which service of process issued. (See id. at 5-8, 10-12; doc. no. 25.) The Magistrate Judge also addressed Plaintiff's request to transfer Mr. Smith "to the Columbus Division," as well as his motion to transfer venue to the Statesboro Division, recommending that the first of these motions be denied for lack of standing and that the remaining motion be denied because venue for Plaintiff's claims relating to WCF were properly filed in the Dublin Division of this Court. (Doc. no. 23, p. 9 n.9 & p. 12.)

The majority of Plaintiff's objections are a reiteration of the arguments raised in his

---

[2] The Magistrate Judge additionally noted that because GSP is located in the Statesboro Division of this District, any future action involving the dismissed claims would require that Plaintiff commence a new case in that Division. (See doc. no. 23, p. 9 n.8.)

[3] As the Magistrate Judge correctly noted, Plaintiff initiated this lawsuit on behalf of himself and Mr. Smith, both of whom were incarcerated at WCF when the case was filed. (Doc. no. 23, p. 2 (citing doc. no. 1, p. 1.).) In a previous R&R, the Magistrate Judge recommended that Mr. Smith be dismissed as a party to this case because the Prison Litigation Reform Act prohibits multi-plaintiff *in forma pauperis* civil actions. (Doc. no. 6, p. 2 (citing Hubbard v. Haley, 262 F.3d 1194, 1196 (11th Cir. 2001)).) The Court adopted that R&R as the opinion of the Court and denied Plaintiff's request to reconsider that Order. (Doc. nos. 8, 18.) To the extent Plaintiff continues to object to this Court's dismissal of Mr. Smith as a party to this case, such objections are clearly untimely and are therefore **OVERRULED**.

complaint, although he has additionally raised several new factual allegations that were not present in his prior pleadings. However, Plaintiff offers no explanation for his failure to present these arguments to the Magistrate Judge in the first instance. The Court finds it inappropriate to consider arguments presented for the first time in Plaintiff's objections, and therefore declines to do so. See Williams v. McNeil, 557 F.3d 1287, 1291 (11th Cir. 2009) (approving district court's refusal to consider new argument set forth in objections where party had opportunity to present such argument to magistrate judge and failed to do so); see also United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000) (holding that district courts are not required to consider supplemental factual allegations presented for the first time in objections to a magistrate judge's report and recommendation).

Turning to the Magistrate Judge's conclusions in the R&R, the Court finds that Plaintiff's objections fail to provide any reason to depart from the conclusions in the R&R. Plaintiff's objections are therefore **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, the following of Plaintiff's claims are **DISMISSED**: his claims regarding the grievance procedure against the John Doe counselor; his claim that he was prevented from corresponding with his children against CCA Wheelers[4] and the Georgia Department of Corrections; his claim that he was prevented from seeing or speaking with his son against Investigator Sights; his claims regarding his medical treatment and mental and emotional injuries; and his claim regarding his transfer to GSP. In addition,

---

[4]The Court has adopted the spelling of "CCA Wheelers'" name as it appears in Plaintiff's complaint. (See doc. no. 1, p. 1.)

Defendants Medlin, the Georgia Departmen tof Corrections, CCA Wheelers, Mr. Wright, Ms. Boner, FNU Sights, the Classification Committee, the Staff of the 900 Unit, and the John Doe counselor are **DISMISSED**. Plaintiff's claims regarding events alleged to have occurred at GSP are **DISMISSED** without prejudice. Furthermore, Plaintiff's request that Mr. Smith be transferred "to the Columbus Division," as well as his motion to transfer this case to the Statesboro Division, are **DENIED**.[5] (Doc. nos. 11, 22.)

SO ORDERED this 5th day of June, 2012, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[5]After the Magistrate Judge issued the R&R, Plaintiff filed a "Change of Venue Motion" in which he requests, without explanation, that this case be transferred to the Savannah Division. (Doc. no. 26.) As the Magistrate Judge correctly concluded, however, Plaintiff's sole remaining claim is based on his allegations that Defendant Holloway retaliated against him while he was at WCF; because WCF is located in the Dublin Division of this District, venue is therefore proper here. Accordingly, Plaintiff's "Change of Venue Motion" is **DENIED**. (Doc. no. 26.)

4